IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MERIDIAN CITIZENS MUTUAL** <br> **INSURANCE COMPANY,** <br><br> Plaintiff, <br><br> v. <br><br><br> **MICHAEL W. BROWN, DALE BROADWAY,** <br> **and CARMEN BROADWAY,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.  3:09-cv-516-JPG-DGW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

This cause coming to be heard before the Court on plaintiff Meridian Citizens Mutual Insurance Company's ("Meridian") Motion for Entry of Default Judgment (Doc. 14) pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against defendant Michael W. Brown.  The plaintiff seeks a declaration that an insurance policy issued to Brown does not cover liability to defendants Dale Broadway and Carmen Broadway in an underlying state court tort lawsuit.  Brown waived service on July 29, 2009, and the Clerk of Court entered default against him on October 2, 2009.  However, the Broadways remain in this case.  There is no evidence of service in the record, and neither has been defaulted.

Because claims in this case are still pending, any judgment entered by the Court against Brown at this time must be pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party.  *See National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986).  Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court

> may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Inv.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so. *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). In certifying a ruling for immediate appeal

under Rule 54(b), a district court must expressly determine that there is no just reason for delay, using that exact phrase, and expressly direct that final judgment be entered. *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).

Entry of judgment against Brown pursuant to Rule 54(b) is inappropriate in light of the Broadways' continued presence in this action. The Broadways are parties who have an interest in whether Brown's insurance policy issued by Meridian covers their claims against him. *See, e.g., Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377 (7th Cir. 1995) (finding underlying tort plaintiffs' interest in underlying defendant/insured's policy sufficient to avoid a Rule 54(b) default judgment against insured in insurer's action seeking declaration of non-coverage). Thus, the Broadways' interests are closely intertwined with Brown's, and where the interests of parties are closely related, a Rule 54(b) judgment is inappropriate against some but not all of those parties.

Furthermore, a Rule 54(b) default judgment against Brown at this stage would be judicially inefficient. When they are served, they could seek to vacate the default judgment against Brown and to litigate the declaratory judgment action on its merits. *See Schipporeit*, 69 F.3d at 1381. The Court is not inclined to go down that road and finds it more efficient to wait for service on the Broadways and to see how they respond.

For these reasons, the Court **DENIES without prejudice** Meridian's motion for default judgment (Doc. 14). Meridian may reapply for default judgment against Brown when all claims involving all parties have been resolved.

                                                                           s/ J. Phil Gilbert  
                                                                           **DISTRICT JUDGE**

**Dated: October 23, 2009**